# MAURRASSE v METROPOLITAN DADE COUNTY, et al.

## Case No. 89-228-AP

Eleventh Judicial Circuit, Dade County

June 21, 1990

### APPEARANCES OF COUNSEL

**Anthony J. O'Donnell, Jr., Esquire,** Akerman, Senterfitt & Eidson, for appellant.

**Robert A. Ginsburg, Esquire,** Dade County Attorney and **Robert L. Krawcheck, Esquire,** Assistant County Attorney, for appellee, Metropolitan Dade County.

**John G. Fletcher, Esquire,** for appellee, Oman-Sur Inv. Corp., N.V.

Before BARAD, NADLER, ROTHENBERG, JJ.

### OPINION OF THE COURT

PER CURIAM.

The Board of County Commissioners rezoned the property in this

case to permit construction of a 10-acre commercial shopping center in the midst of established single-family and estate residential neighborhoods. The same commercial shopping center application had been twice denied, first in 1985 by the Board itself and again in 1988-1989 by the Circuit and District Court. On both occasions the Sunset Drive Area Restudy, the applicable Neighborhood Study, which recommended single-family residential land use, prevailed against the attempted commercial rezoning. The land remained single-family and estate residential.

Between the last unsuccessful attempt to rezone for a commercial shopping center, and the zoning decision from which this appeal was taken, the Dade County Comprehensive Development Master Plan (CDMP) was amended to change the designation of the property from estate zoning to low density residential, office and business.

Appellant argues that the applicable Neighborhood Study which designates the subject property residential does not conflict with the land-use policy and objectives of the CDMP, and therefore remains the controlling legislative plan governing zoning decisions for the subject property. The Board's failure to follow the Neighborhood Study invalidates its zoning resolution, appellant suggests.

Appellee Metropolitan Dade County responds by arguing that, by amendment, neighborhood plans have been reduced to an advisory status and are not controlling.

Appellee Oman-Sur Investment Corp., N.V. et al., argues that prior unsuccessful rezoning was sought when the CDMP designated the land for residential use. The zoning decision presently before this court took place on July 27, 1989, when the new CDMP designation permitting office and business use was in place.

The Neighborhood Study at issue is Dade County's official Neighborhood Plan for the area, adopted in 1982 as Amendment Two of the Sunset Drive Area Restudy. It restricts the subject property as well as the rest of the neighborhood south of Miller Drive and west of S.W. 97th Avenue to estate and very low-density residential uses with maximum densities of from 1.5 to 2.5 dwelling units per acre.

The new CDMP designation of the subject property permits low density residential, office and business.

We conclude that the Neighborhood Study does not conflict with and is not repealed by the amended CDMP for two reasons: (1) *both* the Neighborhood Study and the new comprehensive plan designation

permit *residential* use of the property; and (2) the Neighborhood Study was expressly preserved by the new comprehensive plan as an advisory instrument for future land use and zoning decisions in Dade County. *McGaw v Dade County,* 529 SO.2d 1988 (Fla. 3d DCA 1988).

Given the presence of a viable Neighborhood Study and the absence of substantial competent evidence to support the action of the commission we also conclude that the zoning decision of the Board of County Commissioners must be reversed. *Machado v Musgrove,* 519 So.2d 629 (Fla. 3d DCA 1987).